UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY EUGENE ROLAIN,

    Plaintiff,

v().                                        Case No:   2:13-cv-800-FtM-29DNF

YOLANDA GAYLE LIGGETT,
LAFFERTY, FREEMAN, ROLAIN &
COMPANY, J & DY AUTOMATION
ROBOTICS, INC., ROBERT B.
FREEMAN and ASHLEY E. ROLAIN,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    On November 15, 2013, the Plaintiff Terry E. Rolain filed a Complaint (Doc. 1) and a Motion and Affidavit in Support of Request to Proceed As a Poor Person (Doc. 2). The Court entered an Order (Doc. 5) on December 4, 2013 which required the Plaintiff to file an Amended Complaint.   On December 17, 2013, the Plaintiff filed an Amended Complaint (Doc. 6). .

    The Plaintiff is requesting leave to proceed in forma pauperis, which is without the payment of filing fees. When an application is filed to proceed in forma pauperis, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915.   Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.   After review of the Amended Complaint (Doc. 6), the Court finds that Mr. Rolain has failed to set forth his claim adequately.

The Plaintiff alleges a claim against the following Defendants, as stated by Plaintiff they are: Yolanda Gayle Liggett a/k/a Lafferty, Freeman, and Rolain; a company owned by her J & DY Automation Robotics Inc., a/k/a JDY Automation; Robert B. Freeman; and Ashley E. Rolain a/k/a Ashley Freeman. The Plaintiff asserts that his Due Process rights were violated under the Fourteenth Amendment to the United States Constitution, and the statute of limitations in the State of Tennessee does not allow him to file civil suit there against these Defendants.  Although the allegations are not very clear, it appears that the Plaintiff asserts that Yolanda B. Freeman and Robert B. Freeman took away the Plaintiff's "Biological Father Rights" by allegedly kidnapping Ashley E. Rolain now known as Ashley Freeman, and changing his name on official records. According to the Plaintiff, the name change occurred on January 28, 1982 in Putnam County, Tennessee. The Plaintiff also claims that his constitutional rights under the Fourth Amendment were violated.  The Plaintiff asserts that Ashley Freeman was born on March 13, 1970 and was 11 when his name was legally changed, making Ashley Freeman over 43 years of age at this time.

Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.  Federal Courts also have jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different States. 28 U.S.C. §1332.  Although the Plaintiff alleges violations of the Fourth and Fourteenth Amendments, the Court does not find that the factual allegations support this contention.  Further, even if the Plaintiff has sufficiently alleged federal jurisdiction, the Plaintiff has failed to allege personal jurisdiction.

The Plaintiff has not plead any facts which support in personam or personal jurisdiction over the Defendants.  "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us

to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd*, 94 F.3d 623, 626-627 (11th Cir. 1996) (citing *Cable/Home Commc'n v. Network Prod's*, 902 F.2d 829, 855 (11th Cir. 1990)). The Florida "long-arm" statute permits the courts to exercise jurisdiction over nonresident defendants who commit or direct certain specific acts, within this state. *See*, Fla. Stat. §48.193. The Plaintiff has failed to show that the Defendants have committed or directed any act in this state which would confer personal jurisdiction over them. The Plaintiff has failed to allege any basis for this Court to have jurisdiction in this case.

T

**IT IS RESPECTFULLY RECOMMEDED:**

The Motion and Affidavit in Support of Request to Proceed As a Poor Person (Doc. 2) be **DENIED** and this action be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 9, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties